UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:05-CR-498-T-17AEP

SAMUEL R. VALADES.
_____/

ORDER

This cause is before the Court on:

Dkt. 955   Motion for Modification of Previously Imposed Sentence

Defendant Samuel R. Valades, pro se, moves for modification of a previously imposed sentence pursuant to 18 U.S.C. Sec. 3582(c)(2) and U.S.S.G. Amendment 794.

On November 20, 2006, Defendant Valades was sentenced to 210 months of imprisonment as to Count One of the Superseding Indictment, followed by 96 months of supervised release, fine was waived, and a special assessment of $100.00

The Advisory Guideline Range determined by the Court at sentencing was:

| | |
|---|---|
| Total Offense Level | 34 |
| Criminal History Category | VI |
| Imprisonment Range | 262 to 327 months |
| Supervisory Release Range | 8 years |
| Restitution | N/A |
| Fine Range | $17,500 to $4,000,000 |
| Special Assessment | $100 |

Case No. 8:05-CR-498-T-17AEP

18 U.S.C. Sec. 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

......

2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In November, 2015, the Sentencing Commission added clarifying language to Application Note 3(C) for Sec. 3B1.2, which explained the factors the Court considers for a minor-role adjustment, and which did not substantively alter Sec. 3B1.2. The Sentencing Commission stated that Amendment 794 provides additional guidance to sentencing courts. See U.S.S.G. Supp. App. C, Amend. 794, Reason for Amendment. See U.S. v. Cruickshank, 837 Fed.3d 1182, 1193-1194 (11th Cir. 2016).

I. Background

On April 13, 2006, Defendant Valades entered into a Plea Agreement as to Count One of the Superseding Indictment, conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. Secs. 846 and 841(b)(1)(A)(ii). (Dkt. 254).

2

Case No. 8:05-CR-498-T-17AEP

The Plea Agreement provides

> 2. <u>Minimum Mandatory and Maximum Penalties</u>
>
> Count One is punishable by a mandatory minimum term of imprisonment of ten (10) years, a maximum term of imprisonment of life, a fine of $4,000,000, or both, a term of supervised release of at least eight (8) years, and a special assessment of $100, said special assessment to be due on the date of sentencing.
> ......
>
> 5. <u>Appeal of Sentence - Waiver</u>
>
> The defendant agrees that this Court has jurisdiction and authority impose any sentence up to the statutory maximum and expressly waives the right to appeal the defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. Sec. 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. Sec. 3742(a).

(Dkt. 254, pp. 2, 12).

Defendant Valades was sentenced on November 20, 2006. (Dkts. 455, 459). At sentencing, the Court granted the Government's Motion to Recognize Defendant's Substantial Assistance pursuant to Sec. 5K1.1 (a two-level reduction of Defendant's offense level), and denied Defendant's Motion for Downward Departure pursuant pursuant to 18 U.S.C. Sec. 3553(a). (Dkts. 456, 458). Defendant Valades was sentenced to a term of imprisonment that is below the advisory Guideline Range of 262 to 327 months imprisonment.

Case No. 8:05-CR-498-T-17AEP

Defendant Valades filed a Motion to Vacate Judgment on April 6, 2007 pursuant Fed. R. Civ. P. 60(b)(4), which the Court denied by an endorsed Order. (Dkts. 721, 723).

On January 14, 2008, Defendant Valades appealed the Court's Order denying Defendant's Motion for a copy of order. (Dkts. 732, 733). On March 12, 2008, the Eleventh Circuit Court of Appeal dismissed the appeal. (Dkt. 748).

Defendant Valades then moved to dismiss the indictment. (Dkt. 754, 755). The Court denied the Motion to Dismiss by an endorsed Order. (Dkt. 756).

On November 10, 2014, Defendant Valades filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to Amendment 782. (Dkt. 896). The Federal Public Defender was appointed to represent Defendant Valades for Amendment 782 proceedings. (Dkt. 897).

The United States Probation Office filed its Amendment 782 Memorandum on May 31, 2016, which found that Defendant Valades was ineligible for a reduction of sentence because Defendant's sentence was based on Defendant's status as a career offender. (Dkt. 927).

The Federal Public Defender filed a Notice advising that the Federal Public Defender has satisfied that requirements imposed by the Amendment 782 Omnibus Order on August 16, 2016. (Dkt. 935). The Court denied Defendant Valades' Motion for Retroactive Application of Sentencing Guidelines pursuant to Amendment 782 on March 10, 2017. (Dkt. 948).

Case No. 8:05-CR-498-T-17AEP

The Court notes that the PSR states:

**Transactions between Robert Masias and Samuel Valades**

38. In 2005, Masias began supplying Valades with cocaine for distribution in Manatee County. Beginning in about the Spring of 2005, and continuing to December 16, 2005, Valades obtained distribution quantities of cocaine from Masias, either directly or through others utilized by Masias, including Ricardo Lugo-Sanchez. Valades subsequently sold the cocaine to various individuals in the Manatee County area.

39. Valades used a telephone on multiple occasions during the course of the conspiracy to facilitate his drug transactions with Masias and Lugo-Sanchez. On May 11, 2005; June 10, 2005; June 19, 2005; and July 6, 2005, Valades and Masias spoke on the telephone regarding cocaine transactions. The two used cryptic language to discuss Masias distributing ounce or greater quantities of cocaine to Valades, either directly or through Lugo.

40. On December 16, 2005, Valades was arrested at his residence in Ellenton, Florida. During a consent search of his residence, agents found a number of drug-related items, including two scales and 57 grams of cocaine packaged for distribution. *(**Jt. Stip. to Amend, 11/20/2006. Judge EAK**).

(Dkt. 927, p. 14).

At sentencing, Defendant Valades objected to Paragraph 61, 62 and 64 of the report, Enhanced Offense Level and Career Offender Status ( U.S.S.G. Sec. 4B1.1). (Chapter Four Enhancements, Total Offense Level of 37, Enhanced Offense Level of 34 (after adjustment for acceptance of responsibility, reducing offense level by three levels)). There was no adjustment for Role in the Offense. (Dkt. 927, p. 16).

The U.S. Probation Office argued that Defendant Valades was a career offender

5

Case No. 8:05-CR-498-T-17AEP

as defined in U.S.S.G. Sec. 4B1.1. One of Defendant Valades' prior convictions was for escape, a felony that is a crime of violence, for which Defendant was sentenced on November 4, 1992. The U.S. Probation Office relied on the holding of the Eleventh Circuit in <u>United States v. Gay</u>, 251 F.3d 950 (11th Cir. 2001)(escape is a crime of violence even though it involved merely walking away from a non-secure facility).

The Court overruled Defendant Valades' objection on November 20, 2006. (Dkt. 927, p. 32).

The minutes of the sentencing hearing state "Counsel noted no objections to the sentencing proceeding." (Dkt. 455, p. 2).

II.  Discussion

Although Defendant Valades' Plea Agreement includes an appeal waiver, and a waiver of the right to challenge Defendant's sentence collaterally on any ground except those listed, Defendant Valades now seeks a reduction of Defendant's sentence, asserting that Amendment 794 makes Defendant Valades eligible for a minor-role reduction. Defendant Valades did not appeal Defendant's sentence, and now seeks to collaterally challenge the term of imprisonment imposed on Defendant. Defendant Valades has included no explanation of why the waiver of Defendant's right to appeal and to collaterally challenge Defendant's sentence is not valid, i.e. Defendant's waiver was not knowing and intelligent.

Amendment 794 made no substantive change to U.S.S.G. Sec. 3B1.2.; Amendment 794 is a clarifying amendment. Defendant Valades had the opportunity to challenge the denial of a minor role adjustment at his sentencing and on direct appeal. Defendant Valades raised another objection at sentencing, but did not assert that Defendant Valades was entitled to a minor-role adjustment. The PSR reflects an

6

Case No. 8:05-CR-498-T-17AEP

adjustment to the offense level only for the acceptance of responsibility, in accordance with the Plea Agreement.

Nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" See Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)). The "fundamental miscarriage of justice" exception provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986)([I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default).

Amendment 794 provides a nonexhaustive list of factors the Court should consider when determining whether a mitigating role adjustment applies. See U.S.S.G. Sec. 3B1.2. Defendant Valades did not raise this issue on direct appeal, and cannot raise it on collateral review because Defendant Valades has not established that it is a fundamental defect that results in a complete miscarriage of justice, or its omission is inconsistent with the rudimentary demand of fair procedure. The Court further notes that Amendment 794 is not retroactive on collateral review. See U.S.S.G. Sec. 1B1.10 (d) (listing amendments that have been made retroactively applicable to defendants on collateral review). Accordingly, it is

**ORDERED** that Defendant Samuel Valades' pro se Motion for Modification of Previously Imposed Sentence (Dkt. 955) is **denied**.

Case No. 8:05-CR-498-T-17AEP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 13th day of February, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Samuel R. Valades
Reg. No. 48382-018
FCI Williamsburg
P.O. Box 340
Salters, S.C.    29590